**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darron Keith Campbell, | ) No. CV 07-1857-PHX-SMM (JRI) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Dora Schriro, et al., | ) |
| Defendants. | ) |

Plaintiff, who is confined in the Arizona State Prison, Lewis-Stiner Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Herman to answer Count III of the Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

///

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff alleges three counts in his Complaint for violation of his First Amendment Free Exercise rights, his right not to be subjected to cruel and unusual punishment under the Eighth Amendment, and his Fourteenth Amendment rights to Equal Protection and Due Process. Plaintiff sues Arizona Department of Corrections (ADC) Director Dora Schriro and ADC Chaplain Herman. Plaintiff seeks injunctive and compensatory relief.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Count I

In Count I, Plaintiff alleges that Schriro has a policy, custom or practice of being deliberately indifferent to prisoner constitutional rights "by failing to properly hire, train, and supervise its chaplains, which caused Plaintiff's injuries, [which] includes permitting a Christian chaplain to assess and approve the legitimacy of non-Christian religions–a conflict at best." (Doc.# 1 at 4.) Plaintiff fails to allege specific facts in support of this claim or to

TERMPSREF

- 2 -

specifically allege how he was injured by the alleged policy, custom or practice. For these reasons, Count I fails to state a claim.

### B. Count II

In Count II, Plaintiff alleges that Schriro, pursuant to an ADC policy, practice or custom of gross negligence "caused Chaplain Herman to believe that misconduct would not be aggressively, honestly, or properly investigated with the foreseeable result being that the Chaplain would be more likely to violate the constitutional rights of Arizona prisoners[, which] includes permitting a Christian chaplain to assess and approve the legitimacy of non-Christian religions–a conflict of interest at best." (Doc.# 1 at 5.) As with Count I, Plaintiff fails to allege specific facts to support that Plaintiff's constitutional rights have been violated by Schriro or Herman or any resulting injury. Moreover, negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002). For these reasons, Count II fails to state a claim.

## V.   Claims for Which an Answer Will be Required

In Count III, Plaintiff alleges that he informed prison officials at the Alhambra and Stiner Units that he practiced the Avsarian religion, which advocates a vegetarian diet. (Id.) On April 8, 2007, Stiner Unit's Chaplain Herman informed Plaintiff that ADC listed his religious preference as "Christian." (Id.) Since April 8, 2007. Plaintiff has spoken and written to Chaplain Herman several times, presumably about changing his religious preference, but Herman has questioned whether Avsarian is a legitimate religion. (Id.) Plaintiff alleges that he has lost about 40 pounds, presumably because he does not eat non-vegetarian items on his meal tray. (Id.) Plaintiff contends that Herman discriminates against him and his religion while approving vegetarian diets for Christian inmates. (Id.) Plaintiff sufficiently alleges a claim against Herman for violation of Plaintiff's First Amendment right

1 to practice his religion and/or violation of the Equal Protection Clause of the Fourteenth Amendment.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **GRANTED**.

1      (2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

    (3)    Counts I and II and Defendant Schriro are **DISMISSED without prejudice**.

    (4)    Defendant Herman must answer Count III.

    (5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (doc.# 1), this Order, and both summons and request for waiver forms for Defendant Herman.

    (6)    Plaintiff must complete and return the service packet to the Clerk of Court within **20 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

    (8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

    (9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to the Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within **30 days** from the date the request for waiver was sent by the Marshal, the Marshal must:

        (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

1    (b) within 10 days after personal service is effected, file the return of service
2 for Defendant, along with evidence of the attempt to secure a waiver of service of the
3 summons and of the costs subsequently incurred in effecting service upon Defendant.
4 The costs of service must be enumerated on the return of service form (USM-285) and
5 must include the costs incurred by the Marshal for photocopying additional copies of
6 the Summons, Complaint, or this Order and for preparing new process receipt and
7 return forms (USM-285), if required. Costs of service will be taxed against the
8 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
9 Procedure, unless otherwise ordered by the Court.

10    (10)  **A Defendant who agrees to waive service of the Summons and Complaint**
11 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

12    (11)  Defendant must answer the Complaint or otherwise respond by appropriate
13 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
14 Rules of Civil Procedure.

15    (12)  Any answer or response must state the specific Defendant by name on whose
16 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
17 does not identify the specific Defendant by name on whose behalf it is filed.

18    (13)  This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1
19 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

20    DATED this 21st day of November, 2007.

_____
Stephen M. McNamee
United States District Judge

**TERMPSREF**