**WO**                                                                                                    JDN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Darron Keith Campbell, | )  No. CV 07-1857-PHX-SMM (JRI) |
| Plaintiff, | )  **ORDER** |
| vs. | ) |
| Dora Schriro, et al., | ) |
| Defendants. | ) |

Plaintiff Darron Keith Campbell brought this civil rights action under 42 U.S.C. § 1983 against Kenneth Herman, Chaplain at the Arizona State Prison Complex (ASPC)-Lewis Stiner Unit (Doc. #1).[1]  Defendant moved to dismiss for failure to exhaust administrative remedies (Doc. #6).  The parties have fully briefed the motion (Doc. ##9-10).

The Court will grant Defendant's motion and terminate the action.

**I.    Background**

Plaintiff's claim arose during his confinement in the Alhambra and Stiner Units of the ASPC in Florence, Arizona (Doc. #1).  He alleged that he informed prison officials that he practices the Avsarian religion, which advocates vegetarian diet.  In April 2007, Defendant informed Plaintiff that ADC listed his religious preference as "Christian" (id.).  Plaintiff claimed that after that meeting, he spoke with and wrote to Defendant several times about changing his religious preference but Defendant questioned whether Avsarian was a

---

[1]Upon screening, the Court dismissed the Arizona Department of Corrections (ADC) Director Dora Schriro as a defendant (Doc. #3).

1  legitimate religion. Plaintiff stated that he has lost almost 40 pounds, presumably because
2  he does not eat non-vegetarian items on his meal tray (id.). He contended that Defendant
3  discriminated against him and his religion while approving vegetarian diets for Christian
4  inmates. Plaintiff's Complaint alleges that Defendant violated his First Amendment right to
5  practice religion and his Fourteenth Amendment equal protection rights (id.).[2]

6      The Court ordered an Answer, and Defendant filed a Motion to Dismiss (Doc. ##3,
7  6). In his motion, Defendant contended that Plaintiff failed to exhaust his administrative
8  remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)
9  (Doc. #6). Defendant proffered the affidavit of Aurora Aguilar, a Hearing Officer at the
10 ADC Central Office in Phoenix, Arizona (id., Ex. A, Aguilar Aff. ¶ 1). Aguilar described
11 the four steps of the ADC grievance process: (1) an inmate submits an inmate letter in an
12 attempt at an informal resolution; (2) if the inmate is not satisfied with the response to his
13 inmate letter, he may file a formal grievance to the Grievance Coordinator within ten days
14 of receiving that response; (3) the formal grievance may then be appealed within ten days to
15 the Deputy Warden or Warden; and (4) that response may be appealed to the Director within
16 ten days (id. ¶ 5). The Director's response is final and exhausts the administrative remedies
17 (id. ¶ 6). Aguilar attested that she reviewed the Grievance Appeal Log and Grievance
18 Appeal File and found that Plaintiff did not file any appeals concerning his religious
19 designation or the denial of a vegetarian diet (id. ¶¶ 10-11). To support the affidavit,
20 Defendant attached a copy of Department Order (DO) 802, the Inmate Grievance System
21 (id., Attach. A).

22     The Court issued an Order informing Plaintiff of his obligation to respond and the
23 evidence necessary to successfully rebut Defendant's contentions (Doc. #7).[3] In his
24 response, Plaintiff stated that he filed an Inmate Letter in an attempt to resolve this issue but
25 that there was no response to his Inmate Letter (Doc. #9 at 1). He relied on the affidavit and

---

[2]The Court dismissed Counts I and II for failure to state a claim (Doc. #3).

[3]Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

copy of DO 802 submitted by Defendant to argue that an appeal to the Grievance Coordinator is predicated upon dissatisfaction with the response to the Inmate Letter, which he never received (id. at 2). Plaintiff contended that with no response, he could not appeal. He asserted that prison officials "in effect, sabotaged the processing of administrative remedies that Plaintiff sought to exhaust" (id.). He argued that Defendant cannot prevent Plaintiff from exhausting remedies and then contend that Plaintiff failed to exhaust. Plaintiff further argued that Defendant cited to legal authority but failed to provide copies of that case law to Plaintiff, despite his knowledge that there is no law library for Plaintiff to access (id. at 3).

In reply, Defendant noted that DO 802 provides that if there is no response to an Inmate Letter, the inmate can proceed to the next level of review (Doc. #10 at 2, citing DO § 802.07. 1.2.4). Defendant also submitted copies of Plaintiff's six Inmate Letters concerning either his religious preference or his request for a vegetarian diet and copies of the responses to each of these Inmate Letters (id., Exs. 1-6).

**II.     Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th

- 3 -

1    Cir. 1988) (quotation omitted).

2    **III.    Analysis**

3            As stated, Defendant bears the burden of proving lack of exhaustion and, therefore,

4    must demonstrate that there were remedies available to Plaintiff.  <u>See</u> <u>Wyatt</u>, 315 F.3d at

5    1119; <u>Brown</u>, 422 F.3d at 936-37.  Plaintiff argues that remedies were not available because

6    he was prohibited from exhausting when officials failed to respond to his Inmate Letter.

7            Defendant has demonstrated that remedies were available to Plaintiff for his claim.

8    Indeed, in his Complaint Plaintiff indicated that administrative remedies were available at

9    the prison (Doc. #1 at 6).  Moreover, Defendant submitted evidence that all of Plaintiff's

10   Inmate Letters were responded to by prison officials (Doc. #9, Exs. 1-6) and that there were

11   no appeals filed by Plaintiff (Doc. #6, Ex. 1, Aguilar Aff. ¶ 11).  Plaintiff has not overcome

12   this evidence showing nonexhaustion.

13           As to Plaintiff's argument regarding Defendant's failure to provide copies of the legal

14   authority cited to in his motion, Defendant is not required to do so.  The Motion to Dismiss

15   more than adequately set out the legal propositions of those cases relied upon by Defendant

16   (<u>see</u> Doc. #6).

17           On this record, the Court finds that Defendant has met his burden to demonstrate the

18   failure to exhaust available administrative remedies, and the Motion to Dismiss will be

19   granted.  Accordingly,

20           **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. #6) is

21   **granted**.  The Clerk of Court must dismiss this action without prejudice and enter judgment

22   accordingly.

23           DATED this 28th day of April, 2008.

24

25                                        Stephen M. McNamee

26                                        United States District Judge

27

28

- 4 -